UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JOSE FRAUSTO,

    Petitioner,                         Civil No. 2:07-CV-13550
                                      HONORABLE ANNA DIGGS TAYLOR
v.                                          UNITED STATES DISTRICT JUDGE

C. EICHENLAUB,

    Respondent,
_____/

**OPINION AND ORDER OF SUMMARY DISMISSAL**

Jose Frausto, ("petitioner"), a federal prisoner currently confined at the Federal Correctional Institution in Milan, Michigan, has filed a *pro se* petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 challenging the policies of the Federal Bureau of Prisons ("BOP") concerning eligibility for placement in a Community Corrections Center ("CCC"), also known as an RRC or halfway house. For the reasons stated, the court dismisses without prejudice the petition for a writ of habeas corpus.

**I. Background**

Petitioner was sentenced on August 16, 2001 by a judge in the United States District Court for the Northern District of Illinois to a 110 month term of imprisonment and four years' supervised release for possession with intent to distribute cocaine. Petitioner has a projected release date of July 10, 2009.

In his habeas application, Petitioner challenges the validity of BOP regulations 28 C.F.R. §§ 570.20 and 570.21 which limit the BOP's discretionary authority to place

1

offenders in CCCs to the final 10% or six months of their sentences, whichever is less. Petitioner admits that he has not exhausted his administrative remedies regarding the claim contained in his petition. Petitioner contends that exhaustion would be futile because the BOP has demonstrated a "determined adherence" to its policy.

## II. Discussion

Article III limits the federal courts to deciding "cases" and "controversies." To ensure that any matter presented to a federal court meets that requirement, the court considers the doctrines of standing, ripeness and mootness. To establish standing, "[a] plaintiff must allege personal injury fairly traceable to the defendant's allegedly unlawful conduct and likely to be redressed by the requested relief." *Allen v. Wright*, 468 U.S. 737, 751 (1984). The injury must be "an invasion of a legally protected interest which is (a) concrete and particularized and (b) 'actual or imminent,' " not conjectural or hypothetical. *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560 (1992)(citations omitted).

In this case, Petitioner has failed to allege facts which establish that he has standing to bring this habeas action. Petitioner has failed to show that he is eligible for CCC placement consideration or that the BOP has applied the disputed policy to him. "A final and specific release preparation plan, including a decision as to CCC referral, is normally established at a team meeting no later than 11 to 13 months before an inmate's projected release date." BOP Program Statement 7310.04. *See also Lewis v. Whitehead,* 470 F. Supp. 2d 1043, 1048-49 (D.S.D. 2007). Petitioner's projected release date is July 10, 2009. Under the circumstances, the court finds that Petitioner has failed to establish

2

that he has Article III standing to bring this action. *See Ortiz v. Eichenlaub,* No. 2007 WL 2572014, * 1 (E.D. Mich. September 5, 2007); *Hanna v. Eichenlaub,* No. 2007 WL 2517214, * 1 (E.D. Mich. August 31, 2007). His petition must therefore be dismissed.

The petition for writ of habeas corpus is also subject to dismissal on exhaustion grounds. It is well-established that a petitioner must exhaust administrative remedies before seeking habeas corpus relief pursuant to 28 U.S.C. § 2241. *See Little v. Hopkins*, 638 F.2d 953, 954 (6th Cir. 1981); *see also Graham v. Snyder*, 68 Fed. Appx. 589, 590-91 (6th Cir. 2003). The burden is on the petitioner to prove exhaustion. *See Rust v. Zent*, 17 F.3d 155, 160 (6th Cir. 1994). Petitioner has not met his burden of showing exhaustion of administrative remedies. Petitioner has not demonstrated that he has exhausted his habeas claims by filing an appropriate complaint with the BOP and by pursuing his appellate rights within the BOP before proceeding in federal court. *See, e.g., Bailey v. Hemingway*, No.2001 WL 1525269, *2 (E.D.Mich. August 9, 2001)(listing available remedies).

Petitioner has also not shown that exhaustion would be futile. Exhaustion requires that Petitioner fairly present his claims to the BOP, but does not require that the BOP rule on the merits of those claims. *See Fuller v. Rich*, 11 F. 3d 61, 62 (5th Cir. 1994). This Court, in fact, has previously rejected a similar futility argument, *See Ortiz,* Slip. Op. at * 2, even though the Court has granted habeas relief to another federal prisoner based upon the BOP's refusal to immediately consider these prisoners for transfer to a CCC, after this prisoner had exhausted his administrative remedies. *See Weirup v. Eichenlaub,* No. 2007 WL 2300715 (E.D. Mich. August 7, 2007). Petitioner must attempt to fully exhaust his

administrative remedies before seeking federal habeas relief. *See Six v. United States Parole Comm'n.*, 502 F.Supp. 446, 448 (E.D.Mich.1980); *See Taylor v. United States,* 62 F. 3d 1418 (Table), 1995 WL 460512, * 3 (6th Cir. August 2, 1995); *Rodriguez v. Federal Bureau of Prisons*, 2006 WL 1897296, *1 (E.D.Mich. July 11, 2006)(both requiring federal prisoner to exhaust administrative remedies as to CCC placement issues before pursuing habeas action); *cf. Hacker v. Federal Bureau of Prisons*, 2006 WL 2559792, *7 (E.D.Mich. Sept. 1, 2006) (finding that lack of exhaustion was not fatal to preliminary injunction motion to the extent the petitioner challenged BOP's regulation).

### III. Conclusion

The court concludes that Petitioner has not established that he has standing to bring this action. Additionally, he has not established that he has exhausted his administrative remedies, nor demonstrated that exhaustion would be futile or impede his ability to seek federal habeas relief.

Accordingly, IT IS ORDERED that the petition for a writ of habeas corpus is DISMISSED WITHOUT PREJUDICE.

DATED: December 7, 2007          **s/Anna Diggs Taylor**
                                 ANNA DIGGS TAYLOR
                                 UNITED STATES DISTRICT JUDGE

**CERTIFICATE OF SERVICE**

       The undersigned certifies that a copy of the foregoing Order of Dismissal was served upon Petitioner by First Class U.S. mail on December 7, 2007.

Jose Frausto, #20142-424
Milan
Federal Correctional Institution
Inmate Mail/parcels
P.O. Box 1000
Milan MI 48160

                                                s/Johnetta M. Curry-Williams
                                                Case Manager